**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JERMAINE JACKSON *on behalf of himself and others similarly situated,*<br><br>*Plaintiffs*,<br><br>-against-<br><br>G-TECH ELEVATOR ASSOCIATES LLC;<br>BROCK M. GLENN; and DOMINICK A. GLENN,<br><br>*Defendants*. | Civil Action No.<br><br>**FLSA COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff Jermaine Jackson ("Plaintiff"), on behalf of himself and others similarly situated, brings this action as class representative, for damages and other legal and equitable relief against Defendants G-Tech Elevator Associates LLC, Brock M. Glenn, and Dominick A. Glenn (collectively referred to hereinafter as "Defendants"), upon personal knowledge as to himself and upon information and belief as to others, for violations of the New York State Labor Law ("NYLL"), the New York Code of Rules and Regulations ("NYCRR"), The New York Wage Theft Prevention Act, and any other causes of action that can be inferred from the facts set forth herein:

## NATURE OF THE ACTION

1.      This lawsuit seeks to recover all available penalties, including liquidated damages, prejudgment interest and attorneys' fees and expenses on account of Defendants' untimely wage compensation to Plaintiff.

2.      This lawsuit also seeks to recover unpaid wages for time spent by Plaintiff and a proposed FLSA collective of similarly situated employees who attended mandatory trainings, while employees of Defendants, and for which they were not paid for time spent at the trainings.

1

3.        These trainings include: OSHA-30 hour course; Site Safety Course; Fireguard Course; Hazardous Materials.

4.        Plaintiff estimates he spent about 60 hours doing required trainings as an employee and for which he was not paid any hourly compensation.

5.        At all relevant times, Defendants have compensated Plaintiff on a bi-weekly basis.

6.        Plaintiff began working for Defendant as an Elevator Apprentice and then was promoted to Elevator Mechanic.

7.        Those similarly situated to Plaintiff include other Elevator Apprentices, Elevator Mechanics, Troubleshooters, Service Technicians and all other employees of Defendants who were required to attend training and for which they were not paid hourly compensation.

8.        Despite being a manual worker, Defendants have failed to properly pay Plaintiff wages within seven calendar days after the end of the week in which these wages were earned.

9.        In this regard, Defendants have failed to provide timely wages to Plaintiff.

**PARTIES**

10.        Plaintiff Jermaine Jackson is an adult, over eighteen years old, a citizen of New York State and resides in Queens, New York.

11.        Plaintiff was, throughout his entire employment with Defendants, a covered, non-exempt employee within the meaning of the NYLL. As such, Plaintiff was, and is, entitled to be paid in full for all hours worked.

12.        Defendant G-Tech Elevator Associates LLC is a foreign limited liability company, organized and existing under the laws of the State of New York, with a service of

process address of 12 Sherman Street, Linden, NJ 07036.

13.     Defendant G-Tech Elevator Associates LLC referred to hereinafter as "Entity Defendant".

14.     Upon information and belief, Brock M. Glenn, and Dominick A. Glenn (collectively referred to hereinafter as "Individual Defendants") are the owners and operators of the Entity Defendant.

15.     The Entity Defendant and Individual Defendants all simultaneously employed Plaintiff within the meaning of NYLL.

16.     The Entity Defendant is considered a large employer, having at least eleven (11) or more employees during the duration of Plaintiff's employment.

17.     Defendants each maintained control, oversight, and direction over Plaintiff in regards to timekeeping, payroll, and other employment practices, and functioned as employers pursuant to the NYLL.

18.     Defendants, by virtue of ownership, management, and control over the wages and work of Plaintiff, are each considered employers under the NYLL §190(3).

19.     Defendants apply the same employment policies, practices, and procedures to all Manual Workers in its operation, including policies, practices, and procedures with respect to payment of wages.

### JURISDICTION AND VENUE

20.     This Court has original jurisdiction pursuant the Fair Labor Standards Act and diversity jurisdiction because Plaintiff and Defendants are citizens of different states, specifically, this Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and 28 U.S.C. §§ 1331 and 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §

3

1367(a).

21.      Defendants are subject to personal jurisdiction in New York.

22.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C §

1391(b)(2) because of substantial part of the events or omissions giving rise to the claims

occurred in this District, and Defendants conduct business in this District.

### PLAINTIFF'S FACTUAL ALLEGATIONS

23.      Plaintiff Jermaine Jackson was employed by Defendants as an Elevator

Technician from around October 2017 to around September 2021.

24.      During his employment, Plaintiff worked at a few different sites, most in New

York City (borough of Manhattan).

25.      Plaintiff's duties consisted of building elevators from scratch and installing

them, most frequently in hotels.

26.      Every project of installation would take around one year, thus Plaintiff would

work approximately at one site per year.

27.      During his employment, over twenty-five percent of Plaintiff's duties were

physical tasks, including but not limited to (1) carrying heavy tools and parts; (2) building

elevators; and (3) installing elevators.

28.      During his employment, Plaintiff's observations allowed him to conclude that

the Defendant has at least 50 individual working in New York doing similar work as him.

29.      Despite regularly spending more than twenty-five percent of his shift

performing these physical tasks, Plaintiff has been compensated by Defendants on a bi-weekly

basis.

30.      For example, for the period beginning on June 27, 2021, and ending July 10,

2021, Plaintiff was paid his lawfully earned wages on July 16, 2021.

31.     In this regard, Defendants failed to pay Plaintiff his wages earned from June

27, 2021 to July 3, 2021 by July 4, 2021, as required by NYLL § 191(1)(a).

## COLLECTIVE ACTION ALLEGATIONS

32.     Plaintiffs bring this action individually and as the class representatives on

behalf of the "Proposed FLSA Collective" defined as:

> All employees of G-Tech Elevator Associates LLC were required to attending trainings
> and were not paid for time spent at the trainings between June 6, 2019 and June 6, 2022.

33.     Upon information and belief, the total number of members of the proposed

collective action class is so numerous that joinder of all members is impracticable. Although the

precise number of such persons is unknown, and the facts upon which the calculation of that

number are presently within the sole control of Defendants, upon information and belief, there

are more than fifty (50) Collective Action Members who worked for Defendants during the

Collective Action Period, most of whom would not be likely to file individual suits because

they lack adequate financial resources, access to attorneys, or knowledge of their claims.

Therefore, Plaintiff submits that this matter should be certified as a collective action under the

FLSA, 29 U.S.C. § 216(b).

34.     Plaintiff will fairly and adequately protect the interests of the Collective

Action Members and have retained counsel that is experienced and competent in the fields of

employment law and class action litigation. Plaintiff has no interests that are contrary to or in

conflict with those members of this collective action.

35.     This action should be certified as a collective action because the prosecution

of separate actions by individual members of the class would create a risk of either inconsistent

or varying adjudications with respect to individual members of the class, or adjudications with

respect to individual members of the class that would as a practical matter be dispositive of the

interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

36.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, in as much as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

37.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

(1) Whether Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

(2) What proof of hours worked is sufficient where the employer fails in its duty to maintain time records during Plaintiff and the Collective Action Members' deployment;

(3) Whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

(4) Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated, and statutory damages, interest, attorneys' fees, and costs and disbursements;

(5) Whether Defendants failed to pay Plaintiff and the Collective Action Members overtime premiums for hours worked in excess of 40 hours per workweek.

38.      Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

39.      Plaintiff and other similarly situated employees have been substantially damaged by Defendants' wrongful conduct.

## AS AND FOR A FIRST CAUSE OF ACTION
### *NYLL - FREQUENCY OF PAY VIOLATION*

40.      Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

41.      The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendants and protect Plaintiff.

42.      Defendants failed to pay Plaintiff on a timely basis as required by NYLL § 191(1)(a).

43.      Due to Defendants' violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendants the amount of their untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## AS AND FOR A SECOND CAUSE OF ACTION
### *FLSA - UNPAID MINIMUM WAGE AND OVERTIME*

44.      At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

45.      Plaintiff and the Proposed FLSA Collective are covered individuals within the meaning of the FLSA, 29 U.S.C.  §§ 206(a) and 207(a).

46.      At all relevant times, Defendants employed Plaintiff and the Proposed FLSA Collective within the meaning of the FLSA.

47.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

48.     Plaintiff and members of the Proposed FLSA Collective were entitled to be paid at a level at or above minimum wage for all hours worked.

49.     Plaintiff and members of the Proposed FLSA Collective were entitled to be paid at the regular rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

50.     At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay minimum wage for all hours worked, specifically due to their policy of requiring Plaintiff and others similar situated to attend training courses and failing to provide hourly compensation for time spent at the trainings.

51.     At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and members of the Proposed FLSA Collective for all hours worked in excess of forty (40) hours per work week, which violated the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a), because hours spent by Plaintiff and members of the Proposed FLSA Collective and other employees at required trainings for which there was not hourly compensation, including overtime hours.

52.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and members of the Proposed FLSA Collective at the minimum wage and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of overtime compensation would financially injure Plaintiffs.

53.     Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21 l(c) and 215(a).

54.     Defendants failed to properly disclose or apprise Plaintiff and members of the Proposed FLSA Collective of their rights under the FLSA.

55.     As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff and members of the Proposed FLSA Collective are entitled to liquidated damages pursuant to the FLSA.

56.     Due to the reckless, willful and unlawful acts of Defendants, Plaintiff and members of the Proposed FLSA Collective suffered damages in an amount not presently ascertainable of unpaid minimum wage and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

57.     Plaintiffs are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

### AS AND FOR A THIRD CAUSE OF ACTION
*NYLL - UNPAID MINIMUM WAGE AND OVERTIME*

58.     At all relevant times, Defendants employed Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

59.     Defendants failed to pay minimum wage for all hours worked and overtime for all hours in excess of 40 because they required Plaintiff to attend training courses and did not pay hourly compensation for time spent at the trainings.

60.     Defendants knowingly and willfully violated the rights of Plaintiff by failing to pay Plaintiffs the minimum wages and required overtime compensation at the rate of time

and one-half for each hour worked in excess of forty (40) hours in a workweek.

61.     Defendants failed to properly disclose or apprise Plaintiffs of their rights under the NYLL.

62.     Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

63.     Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law§ 194(4), and New York State Department of Labor Regulations.

64.     Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants the difference between their actual wages and the amounts that were owed under the New York Labor Law. The deficiency accounts for regular rates for all straight time hours, overtime compensations for all overtime hours, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law§§ 663(1), 198.

65.     Plaintiffs are also entitled to liquidated damages pursuant to New York Labor Law§ 663(1), as well as civil penalties and liquidated damages pursuant to the New York State Wage Theft Prevention Act.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similar persons, respectfully request that this Court grant the following relief:

A.     Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B.     Designation of Plaintiff as representative of the NY Rule 23 Class and counsel of

10

C.       record as Class Counsel;

D.       Liquidated damages permitted by law pursuant to the NYLL.

E.       Prejudgment and post-judgment interest;

F.       Reasonable attorneys' fees and costs of the action; and

G.       Such other relief as this Court shall deem just and proper.

## JURY DEMAND

Pursuant to FRCP 38 Plaintiff demands trial by jury on all issues.

Dated: New York, New York
          June 6, 2022

                                    **LAW OFFICE OF MOHAMMED GANGAT**


                                    By: _____
                                    Mohammed Gangat, Esq.
                                    675 Third Avenue
                                    Suite 1810
                                    (718) 669-0714
                                    mgangat@gangatllc.com

                                    *Attorneys for Plaintiff and the Proposed*
                                    *FLSA Collective*